IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JAMES A. GARDNER,

    Petitioner,

vs.                                Case No.: 4:12cv191-MP/CAS

MICHAEL CREWS,[1]

    Respondent.
_____/

## REPORT AND RECOMMENDATION TO DENY § 2254 PETITION

On April 11, 2012, Petitioner James A. Gardner, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Doc. 1. On May 30, 2012, Petitioner filed an amended § 2254 petition. Doc. 6. Petitioner challenges his conviction and sentence imposed by the Second Judicial Circuit Court, Leon County, on December 2, 2009, following a jury trial. *Id.* On November 13, 2012, Respondent filed a response, with exhibits, requesting this Court dismiss the petition because the grounds Gardner raises were not exhausted in state court. Doc. 12. Petitioner has not filed a reply to that motion, although given a chance to do so. *See* Doc. 11.

---

[1] When Petitioner filed the § 2254 petition, he named Kenneth Tucker as the Respondent. Because Michael Crews is now the Secretary of the Department of Corrections, the Clerk of Court shall substitute him as the Respondent, pursuant to Federal Rule of Civil Procedure 25(d).

The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local Rule 72.2(B). The pleadings and attachments before the Court show that the petition should be denied. *See* Rule 4, R. Gov. § 2254 Cases in U.S. Dist. Cts (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Procedural History

The relevant aspects of the procedural background of this case are established by the state court records. *See* Doc. 12.[2] By information filed August 10, 2009, the State of Florida charged Petitioner with attempted robbery with a nondeadly weapon (a knife), in violation of section 812.13(2)(b), Florida Statutes, in connection with events that took place on July 22, 2009. Ex. A at 1. Petitioner proceeded to trial and, on December 2, 2009, Petitioner was found guilty as charged. *Id*. at 48. The court sentenced him to fifteen years as prison releasee re-offender, in state prison. *Id*. at 60-67. Petitioner received 133 days of jail credit for time previously served. *Id*. at 64.

On December 17, 2009, Petitioner filed an appeal in First District Court of Appeal (DCA), case number 1D09-6477. *Id*. at 73; *see* Ex. G. On May 27, 2010, while the appeal was pending before the First DCA, Petitioner filed a motion to correct sentence pursuant to Florida Rule of Criminal Procedure 3.800(b)(2). Ex. C at 80-82. By order rendered June 4, 2010, the circuit court granted the motion: "The Clerk of Court is directed to enter a corrected sentencing document reflecting that Defendant's conviction for attempted robbery with non-deadly weapon is a second degree felony rather than a

---

[2] Hereinafter, all citations to the state court record refer to the exhibits submitted with Respondent's motion to dismiss (Doc. 12).

first degree felony, all other provisions of the sentence to remain unchanged." *Id.* at 83; *see id.* at 85-92 (corrected judgment and sentence, reflecting conviction of "attempted robbery w/non deadly weapon," a second degree felony).

The Petitioner filed his appellate initial brief on July 28, 2010. Ex. G. The only issue presented asserted "the trial court erred in instructing the jury on the offense of aggravated assault when the offense was not charged in the information nor supported by the evidence at trial." *Id.* at i, 8-9. The State filed an answer brief. Ex. H. On March 28, 2011, the First DCA affirmed, per curiam, without opinion. Ex. I; Gardner v. State, 57 So. 3d 849 (2011) (table).

On June 16, 2011, Petitioner filed a 3.850 motion in the Second Judicial Circuit Court, Leon County. Ex. J. Petitioner raised four grounds in his motion:

> (1) Ineffective assistance of trial counsel. Defendant asserts that prior to his trial, counsel failure to file motion to dismiss the information on the grounds that the information charged Defendant by statute, robbery with a weapon.
> (2) Ineffective assistance of trial counsel. Defendant asserts that during his trial, he was convicted of the crime attempted robbery with a weapon, a crime not charged by statute.
> (3) Ineffective assistance of trial counsel. Defendant asserts that on December 2, 2009, trial counsel failure to object to the sentencing proceeding where the trial judge failed to orally sentence defendant as a prisoner release re-offender (PRR). Trial court did not find that the defendant was a prisoner release re-offender.
> (4) Ineffective assistance of trial counsel. Defendant asserts that trial counsel failure to object to the sufficiency of the state evidence of the crime attempted robbery with a weapon. The evidence that the STATE presented during his trial didn't support the crime attempted robbery with a weapon.

*Id.* at 7-8. On July 13, 2011, the state trial court dismissed the motion for post-conviction relief, stating that "the motion does not contain facts or basis for relief." Ex. J.

On August 9, 2011, the Petitioner filed another 3.850 post-conviction motion.  Ex. K at 1-5.  Petitioner raised two grounds:

> (1) Defendant asserts that in this instant case at bar, the only evidence presented to the jury and supported by the record was the victim's testimony on the offense aggravated assault.  Defendant asserts that there was no evidence to support the crime of attempted robbery in the instance.  Counsel was ineffective for failure to object to state for failure to prove beyond a reasonable doubt that defendant actually did committed the crime of attempted robbery as charged in count one of the information, but for counsel's inaction, the defendant would have been found guilty of a lesser included offense, aggravated assault.  Defendant prevail on this claim of ineffective assistance of counsel, that counsel's performance was so deficient that it fell "outside of the broad range of competent performance under prevailing professional standard," and counsel's deficient performance prejudiced the defendant to such an extent that had counsel performed effectively, the outcome of the proceeding would have been different, and
> (2) Defense counsel was ineffective for failure to object to the sentencing, that trial judge failed to orally pronounce defendant as being sentenced as a prison release re-offender and that defendant should be sentence within the guidelines, for that ineffectiveness violated defendant's rights under the sixth and fourteenth amendments to the United States Constitution.

*Id.* at 4-5.  On September 2, 2011, the post-conviction motion was denied.  The court found:

> First, defendant claims that his attorneys (two attorneys represented him at trial) were ineffective for not moving for a judgment of acquittal at the end of the State's case.  The defendant is incorrect, counsel did in fact ask for a judgment of acquittal.  (Att. A, page 156) The court specifically found that a prima facie case had been established.  While it is true that no argument was made, that was because any argument would have been ridiculous.  The victim, Hope Wynn, described the attempted robbery and then identified the defendant in a show-up shortly after the incident.  (Att. B, pages 65-87) She also identified defendant at trial.  (Att. C, page 62) The defendant was arrested by two police officers in the vicinity shortly after the attempted robbery.  The knife described by the victim was found in the defendant's pants pocket.  (Att. D, pages 139-145) The defendant admitted committing the crime to another officer.  (Att. E, page 153) In short, the evidence was overwhelming and no amount of argument would have changed the court's ruling.

>     Second, defendant claims that the attorney was ineffective for failing to object at sentencing. The defendant claims counsel should have objected because the court did not announce that this was a prison release re-offender (PRR) sentence. Again, the defendant is simply incorrect. (Att F, Vol II, page 226) Judge Parsons announced, "I find that he does qualify as a Prison Release Re-offender under that statute..."

Id. at 6-7. The First DCA affirmed without an opinion. Ex. N; Gardner v. State, 75 So. 3d 1249 (Fla. 1st DCA 2011).

As indicated above, Petitioner filed his § 2254 petition in this Court on April 11, 2012. Doc. 1. On November 13, 2012, Respondent filed a response, with exhibits, requesting this Court dismiss the petition because Gardner had not properly exhausted his claims in state court. Doc. 12. Petitioner has not filed a reply to that motion, although given an opportunity to do so. See Doc. 11.

## Analysis

In his § 2254 petition, as amended, Petitioner raises three grounds:

(1) Petitioner asserts his rights under the Sixth and Fourteenth Amendments to the U.S. Constitution were violated because the evidence presented at his trial did not show "attempted robbery with a weapon," but did show a lesser included offense of the crime, "Aggravated Assault." The evidence presented at the petitioner's trial was un-supported to prove the crime "Attempted Robbery with a weapon." Doc. 6 at 4;

(2) Petitioner asserts his rights under the Sixth Amendment were violated because "his trial counsel failed to object to the victim's testimony during cross-examination when the victim stated that, 'She was assaulted by the petitioner when he had a knife in his hand and ask her for some money that she did not have in her possession.'" Id.; and

(3) Petitioner asserts his rights under the Sixth Amendment were violated because "his appellate counsel on his 'Direct Appeal' had no obligation to raise an improperly issue which stated that, 'Aggravated Assault should not [have] been instructed to the jury." Id. at 5.

As relief, Petitioner requests "this Honorable Court to reduce the Attempted Robbery with Weapon Offense to a lesser included offense of 'Aggravated Assault' as the evidence shows on the face of the record." Id. at 6.  Respondent argues, in requesting dismissal, that Petitioner has not exhausted his claims.  See Doc. 12 at 1-7.  This Court finds, however, that because Petitioner's claims lack merit, the petition may be denied.

Pursuant to § 2254, a petition for writ of habeas corpus shall not be granted unless it appears that the petitioner has exhausted the remedies available in the courts of the State.  28 U.S.C. § 2254(b)(1)(A).  Furthermore, the statute provides that a petitioner has not exhausted state remedies "if he has the right under the law of the State to raise, by any available procedure, the question presented."  28 U.S.C. § 2254(c).  Pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, if it "plainly appears from the petition . . . that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

To properly exhaust state remedies, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the state's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999).  It is well settled that, absent extraordinary circumstances, a federal court will not decide the merits of § 2254 claims until the claims have been exhausted in state court.  28 U.S.C. § 2254(b)(1)(A); Rose v. Lundy, 455 U.S. 509 (1982); Picard v. Conner, 404 U.S. 270, 275 (1971).

As to the first ground, this claim should have been raised on direct appeal. "Wainwright v. Sykes held that a federal habeas petitioner who has failed to comply with

a State's contemporaneous-objection rule at trial must show cause for the procedural default and prejudice attributable thereto in order to obtain review of his defaulted constitutional claim. Wainwright v. Sykes, 433 U.S. 72, 87 (1977)." Murray v. Carrier, 477 U.S. 478, 485 (1986).  Nothing in the record indicates that the Petitioner would be able to show cause for the procedural default.  The only point Petitioner raised on direct appeal concerned an alleged error by the trial court in instructing the jury.  Because Petitioner cannot now return to state court and raise this ground, he cannot exhaust it. Moreover, given the state post-conviction court's findings in denying Petitioner's Rule 3.850 motion, the state trial court specifically determined, in addressing defense counsel's motion for judgment of acquittal, that the state had presented a prima facie case.  The record supports this determination. *See* Doc. 12 Ex. E at 62-87 (victim's trial testimony describing crime and identifying Petitioner as perpetrator), 139-52 (police officers' trial testimony concerning arrest of Petitioner and discovery of knife described by victim in Petitioner's pants pocket), 153 (officer's testimony that Petitioner admitted crime).  Therefore, if reached on the merits, this ground should be denied.

   In the second ground, Gardner asserts his attorney rendered ineffective assistance for failing "to object to the victim's testimony during cross-examination." Doc. 6 at 4.  As Respondent points out, however, cross-examination was conducted by Gardner's attorney and, thus, counsel could not have credibly objected.  Further, as Respondent also points out, Gardner did not raise this claim in either of his Rule 3.850 motions and, thus, has not properly exhausted it by presenting it to the state court. Because Gardner cannot now obtain another Rule 3.850 proceeding, this claim is procedurally barred.  Even considering the merits, as Respondent also points out, the

particular testimony Gardner quotes -- "She was assaulted by the Petitioner when he had a knife in his hand and ask her for some money that she did not have in her possession" -- does not appear verbatim in the trial transcript. *See* Doc. 6 at 4; Doc. 12 Ex. E at 87-97 (cross-examination of victim). As referenced above, the victim properly testified at trial to the events leading to the charge in this case and identified Petitioner as the perpetrator. Doc. 12 Ex. E at 62-87. This ground should be denied.

Finally, in the third ground, Gardner asserts, "Appellate Counsel on his 'Direct Appeal' had no obligation to raise an improperly issue which stated that, 'Aggravated Assault should not have been instructed to the jury.'" Doc. 6 at 5. As Respondent indicates, Petitioner appears to assert his appellate attorney rendered ineffective assistance by raising this point on appeal. Doc. 12 at 4-5. As Respondent also indicates, Petitioner did not properly exhaust this claim in state court by filing the appropriate petition under Florida Rule of Appellate Procedure 9.141(d), and the time has now passed for doing so. Further, even considering the merits, given the trial court record, appellate counsel had an arguable basis for presenting the point raised on appeal and, therefore, was not ineffective for doing so. *See* Doc. F at 171 (portion of trial transcript reflecting defense counsel's objection to jury instruction: "I just object to aggravated assault being read as a lesser. My position is that assault is the lesser to the crime that's charged, which is attempted robbery with a weapon."). Notably, Petitioner was not convicted of any lesser included offense; rather, he was found "guilty as charged of Attempted Robbery With Weapon." Doc. 12 Ex. A at 48; *see id.* Ex. C at 85-92 (corrected judgment and sentence, reflecting conviction of "attempted robbery w/non deadly weapon," a second degree felony).

## Conclusion

Based on the foregoing, Petitioner Gardner has not shown entitlement to habeas relief.  Thus, the amended § 2254 petition (Doc. 6) should be denied.  Accordingly, Respondent's motion to dismiss (Doc. 12) should be denied as moot.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the U.S. District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner cannot make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted).  Therefore, the Court should deny a certificate of appealability in its final order. Leave to appeal in forma pauperis should also be denied, as an appeal would not be taken in good faith.  See Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

The Second sentence of Rule 11(a) provides that "[b]efore entering the final order, the court may direct the parties to submit arguments on whether a certificate

should issue." Petitioner shall make any arguments as to whether a certificate should issue by filing objection to this report and recommendation.

### Recommendation

It is respectfully **RECOMMENDED** that the amended § 2254 petition for writ of habeas corpus (Doc. 6) be **DENIED**, Respondent's motion to dismiss (Doc. 12) be **DENIED as moot**, a certificate of appealability be **DENIED**, and leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on July 23, 2014.

                                    **s/ Charles A. Stampelos**
                                    **CHARLES A. STAMPELOS**
                                    **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**